UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No.  1:23-cv-01638-JLT-BAM<br><br>SCREENING ORDER<br><br>(Doc. 1) |

Plaintiff Pastor Isabel Vela ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil rights action on November 22, 2023.  (Doc. 1.)  Plaintiff's complaint is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.  Summary of Plaintiff's Allegations**

Plaintiff brings this action against Defendants State Bar of California and Investigator Emerly Cruz asserting violations of the First Amendment, Ninth Amendment, Fourteenth Amendment, and the Free Exercise Clause of the United States Constitution.  Plaintiff also alleges a violation of 22 U.S.C. § 6401.  (Doc. 1 at p. 3.)

In relevant part, Plaintiff alleges that in approximately the month of August, she was forwarded a letter from the State Bar restricting her from her pastoral duties.  Plaintiff claims that the separation of Church and State allows her to freely counsel as a pastor in any capacity without the infringement of the State.  As relief, Plaintiff seeks damages and injunctive relief, claiming that the alleged violations have hindered the trust between pastor and families, suppressing their right to counsel, advocate, and protect.  Plaintiff claims mental and emotions duress, suppression of freedom of speech, asserting that "by not allowing our Freedom of Religion and [Exercise] Clause our families have been left in a moment of further duress, confusion and menal [sic] harm." (*Id.* at p. 6.)  Plaintiff asserts a right "to counsel, guide, mentor, advocate, and represent and be the voice for the voiceless and those under duress." (*Id.*)  She also claims a right to be a church attorney, not a state attorney. (*Id.*)

**III.  Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state

2

a cognizable claim upon which relief may be granted, and attempts to seek relief from a defendant that is immune from such relief. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend her complaint to the extent she can do so in good faith.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of her claims. While short, Plaintiff's complaint does not include sufficient factual allegations to state a cognizable claim. Plaintiff does not clearly state what happened, when it happened, or who was involved. Plaintiff's complaint also does not explain the nature of her claims. If Plaintiff files an amended complaint, it must include factual allegations related to her claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link Defendant Emerly Cruz to any wrongful conduct. In any amended complaint, Plaintiff must link each individual defendant to a specific act or omission that violated Plaintiff's rights.

### C. Eleventh Amendment Immunity

To the extent Plaintiff is attempting to bring suit against the State Bar of California, she may not do so. The State Bar enjoys Eleventh Amendment protection and is entitled to immunity from suit in federal court. *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023).

### IV.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim upon which relief may be granted, and attempts to seeks monetary relief from a defendant who is immune. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **December 27, 2023**              /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE