UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 1:23-cv-01638-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR EMERGENCY HEARING IN THE INTEREST OF JUSTICE<br><br>(Doc. 3)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Pastor Isabel Vela is proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On December 27, 2023, the Court screened Plaintiff's original complaint and found that it failed to comply with Federal Rule of Civil Procedure 8, failed to state a cognizable claim for relief, and sought relief from a defendant immune from such relief. The Court has granted Plaintiff leave to file an amended complaint within thirty (30) days. (Doc. 7.) Concurrent with her original complaint, Plaintiff filed the instant motion seeking an emergency hearing, an injunction, and related costs. (*See* Doc. 3.)

**I.     Motion for Hearing and Preliminary Injunction**

Plaintiff seeks an injunction preventing the defendants, State Bar of California and Emerly Cruz, from violating Plaintiff's rights under the First Amendment, Ninth Amendment, Fourteenth Amendment, and the Free Exercise Clause of the United States Constitution. (Doc. 3 at p. 4.)

Plaintiff alleges:

> Defendants have attempted to act against my person and my duties as a Church leader by attempting to force my desist of acting on behalf of our families. The defendants allege my person of being guilty in practicing law without a STATE License through The State Bar of California. [¶] Defendants neglect to respect that I am not Practicing LAW I am practicing my Religion.

(*Id.* at p. 2.)

**A.  Legal Standard**

The Court construes Plaintiff's request as one for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted). Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Valley Forge*, 454 U.S. at 471.

**B.  Discussion**

Plaintiff has not met the requirements for the injunctive relief that she seeks. The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). Upon screening, the Court has determined that Plaintiff's complaint fails to state a cognizable claim and that she seeks relief from at least one defendant who is immune from relief. Plaintiff has not yet filed an amended complaint that states a cognizable claim. As a result, the Court cannot find that

Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any defendants, and it cannot issue an order requiring them to take, or forbid them from taking, any action. Further, Plaintiff's motion makes no showing that she will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in her favor, or that an injunction is in the public interest.

## II.     Conclusion and Recommendation

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an emergency hearing and injunctive relief (Doc. 3) be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 28, 2023**          /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE

3