UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>             Defendants. | Case No.  1:23-cv-01638-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 9) |

Plaintiff Pastor Isabel Vela ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil rights action on November 22, 2023. (Doc. 1.) On December 27, 2023, the Court screened Plaintiff's complaint and granted her leave to amend. (Doc. 7.) Plaintiff's first amended complaint, filed on January 10, 2023, is currently before the Court for screening. (Doc. 9.)

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names the State Bar of California as the defendant in this action.  (Doc. 9 at 2, 9.) Plaintiff also appears to assert claims against Emerly Cruz, an investigator for the State Bar.  (*Id.* at 7.)  Plaintiff identifies that the First Amendment, Ninth Amendment, Fourteenth Amendment, and the Free Exercise Clause of the United States Constitution are issue in this litigation.  She also cites 22 U.S.C. § 6401.  (*Id.* at 4.)

In relevant part, Plaintiff alleges as follows:

> In August 2023, [Plaintiff] received communication from the defendants, with Agent Emerly Cruz acting as the investigator for the state of California.  Mrs. Cruz sought information from [Plaintiff] regarding allegations of practicing law without a license intending to either accuse or dismiss the charges.  [Plaintiff] declined to provide information, invoking the separation of Church and State, asserting the right to safeguard personal beliefs from state interference. Additionally, [Plaintiff] emphasized that information shared between a Pastor and their congregants is considered private and confidential, and any Church-related matters are protected from state intrusion.  [¶] Agent Emerly Cruz expressed displeasure at [Plaintiff's] exercise of this right, subsequently serving a notice on [Plaintiff] and a third party to cease practicing law.

(Doc. 9 at pp. 7-8.)

Plaintiff further contends that the "third party," motivated by the notice, engaged in extortion against Plaintiff, demanding $4,000.00.  The "third party" also contacted the Tulare

1  County District Attorney multiple times to instigate an investigation. Plaintiff asserts that she has
2  "endured harassment from the third party, experiencing duress and defamation due to
3  unwarranted requests for information." (*Id.* at p. 8.)

4  Plaintiff contends that under the California Tort Claims Act, defendant is subject to being
5  held accountable. Plaintiff claims that this Court has appropriate jurisdiction because the
6  defendant is a governmental state agent. Plaintiff further alleges that the actions of defendant's
7  agent not only infringed upon the rights of the Church and Pastor, but also encouraged others to
8  violate those rights.

9  As relief, Plaintiff seeks an injunction to prevent further investigations and interference
10 with Church affairs and pastoral duties. She also seeks damages. (*Id.* at p. 6.)

11 **III.   Discussion**

12 **A. Eleventh Amendment Immunity**

13 Plaintiff brings this action for monetary damages and injunctive relief against the State
14 Bar of California. However, the State Bar of California enjoys Eleventh Amendment protection
15 and is entitled to immunity from suit in federal court. *Kohn v. State Bar of California*, 87 F.4th
16 1021 (9th Cir. 2023) (affirming precedent that California State Bar is entitled to immunity from
17 suit in federal court); *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir.
18 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state
19 agencies such as California's Bar Association and Bar Court.").

20 Plaintiff also appears to suggest that the State Bar may be sued under the California Tort
21 Claims Act, but "[t]he classification of the State Bar as a public agency under the California Tort
22 Claims Act does not affect the State Bar's status for purposes of sovereign immunity." *Allegrino*
23 *v. State Bar of Cal.*, Nos. C06–05490 MJJ, C07–00301, 2007 WL 1450312, at *4 (N.D. Cal.
24 May 14, 2007). "While California has consented to be sued in its own courts pursuant to the
25 California Tort Claims Act, such consent does not constitute consent to suit in federal court." *See*
26 *Manson v. State of California*, No. 2:21-cv03054-PSG (AFM), 2022 WL 16859597, at *4 (C.D.
27 Cal. Feb. 3, 2022) (citing *BV Eng'g v. Univ. of Cal.*, 858 F.2d 1394, 1396 (9th Cir. 1988)).

28 Plaintiff's claims against the California State Bar are barred by the Eleventh Amendment.

1  The Court will therefore recommend that all claims against the State Bar of California be
2  dismissed with prejudice.

### 2. Individual State Bar Employee – Emerly Cruz

#### a. Official Capacity

To the extent Plaintiff is attempting to bring suit against Emerly Cruz in her official capacity as an investigator for the State Bar, the Eleventh Amendment also "bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity." *Diviacchi v. State Bar of California*, No. 23-cv-02417-LB, 2023 WL 5763054, at *3 (N.D. Cal. Sept. 6, 2023) (quoting *Khanna v. State of Cal.*, 505 F. Supp. 2d 633, 6455 (N.D. Cal. 2007)); *Allegrino*, 2007 WL 1450312, at *4 (The Eleventh Amendment "bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity."). Accordingly, Emerly Cruz, the individual State Bar defendant, has Eleventh Amendment immunity from suit in her official capacity for monetary damages and other retroactive relief.

The Court recognizes, however, that the Eleventh Amendment does not bar a claim against a state official in his or her official capacity for prospective relief to end a continuing violation of federal law. *Diaviacchi*, 2023 WL 5763053, at *3; *Allegrino*, 2007 WL 1450312, at *4. Plaintiff here appears to seek prospective relief to enjoin further investigations related to allegations of the unauthorized practice of law.

#### b. Individual Capacity

The Eleventh Amendment also would not implicate claims against the individual State Bar defendant in her individual capacity. *Allegrino*, 2007 WL 1450312, at *5.

### B. First Amendment

Plaintiff generally claims the First Amendment is at issue in this case. (Doc. 9 at 4.) The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. A number of rights

4

are encompassed within the First Amendment.

With the exception of the Free Exercise Clause, which Plaintiff separately references, Plaintiff fails to identify which other First Amendment rights she believes were violated. The Court will not speculate as to Plaintiff's causes of action. Nevertheless, Plaintiff appears to imply that the State Bar investigator, Emerly Cruz, interfered with Plaintiff's First Amendment rights by expressing displeasure at the exercise of those rights and serving notice to cease practicing law. Plaintiff's allegations appear to implicate the Establishment Clause of the First Amendment, which provides that "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. The Establishment Clause "applies not only to official condonement of a particular religion or religious belief, but also to official disapproval or hostility towards religion." *Am. Family Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120-21 (9th Cir. 2002). In *Lemon v. Kurtzman*, 403 U.S. 602, (1971), "the Supreme Court established the now widely known '*Lemon* test' for analyzing government conduct under the Establishment Clause of the First Amendment. To survive the test, the government conduct at issue must (1) have a secular purpose, (2) not have as its principal or primary effect advancing or inhibiting religion and (3) not foster an excessive government entanglement with religion." *Id.* at 1121.

Plaintiff alleges only that the State Bar's investigator, Emerly Cruz, attempted to ask Plaintiff questions regarding allegations of practicing law without a license and subsequently issued a notice to cease the unauthorized practice of law. It is apparent that the questions and notice were done for a secular purpose, i.e., to regulate the practice of law, and do not advance or inhibit religion, nor do they foster any entanglement between government and religion. Plaintiff's facts, as alleged, do not support an Establishment Clause claim.

**C. First Amendment - Free Exercise Clause**

Plaintiff asserts a claim for violation of the Free Exercise Clause of the First Amendment. As best as can be inferred from the allegations in her amended complaint, Plaintiff appears to assert that her right to the free exercise of her religion was violated by the attempt to prevent her from engaging in the unauthorized practice of law when advising her congregants.

5

"In very general terms, there may be a Free Exercise violation if a government action 'substantially burdens' a religious practice." *Bridgeman v. San Joaquin Child Protective Servs.*, No. 2:19-cv-02108-JAM AC (PS), 2019 WL 5682824, at *3 (E.D. Cal. Nov. 1, 2019) (citing *Am. Family Ass'n, Inc.*, 277 F.3d at 1124). The alleged government actions here, questioning Plaintiff regarding allegations of practicing law without a license and a subsequent notice to cease practicing law without a license, do not burden the exercise of religion. The Free Exercise Clause is not violated by limiting legal representation of others to licensed attorneys. *See*, *e.g.*, *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (concluding Free Exercise Clause not violated by limiting legal representation of others to licensed attorneys authorized to practice law before the court). The United States Supreme Court has long recognized that states have broad authority to regulate against the unauthorized practice of law. *See Sperry v. Florida ex rel. Florida Bar*, 373 U.S. 379 (1963).

### D. Ninth Amendment

To the extent Plaintiff is attempting to state a claim directly under the Ninth Amendment, her amended complaint fails to state a claim. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Such amendment "has never been recognized as independently security any constitution right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *accord Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights . . . .") Accordingly, Plaintiff cannot state a claim under the Ninth Amendment.

### E. Fourteenth Amendment

Plaintiff generally cites the Fourteenth Amendment. The nature of this claim is unclear. The Fourteenth Amendment provides that no State shall "make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

///

### 1. Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment confers both substantive and procedural protections. *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

"The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright*, 510 U.S. at 272. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.' " *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal citations omitted). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,'" *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 129 (1992)), and thus government action must be such that it "shocks the conscience" in order to be actionable as a substantive due process claim, *id.* at 846-47.

Plaintiff's first amended complaint alleges an investigation into allegations of practicing law without a license and a notice to cease the unauthorized practice of law. The conduct alleged is not sufficiently egregious to be arbitrary in the constitutional sense. There is nothing in Plaintiff's allegations that "shocks the conscience." Plaintiff's first amended complaint therefore fails to state a substantive due process claim.

To state a claim for a violation of procedural due process, a plaintiff must allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Here, the claim fails because the amended complaint does not allege any due process Plaintiff did not receive.

### 2. Equal Protection

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013)

(quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). There are two different ways to state an equal protection claim.  First, a plaintiff may state an equal protection claim by alleging facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against [her] based upon membership in a protected class." *Id.* (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)). Alternatively, a plaintiff may state an equal protection claim under a "class of one" theory by alleging facts that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Plaintiff does not state sufficient facts to establish an equal protection claim under either theory.  First, Plaintiff's amended complaint does not allege facts plausibly showing discrimination based on a protected class, such as a particular religion.  Plaintiff's amended complaint merely alleges an investigation into allegations of practicing law without a license and a resulting notice to cease such activities.  The amended complaint's vague implication of religious discrimination is insufficient where there are no facts showing that a defendant was motivated by religious considerations. Second, the amended complaint does not include factual allegations suggesting that Plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Indeed, Plaintiff's own allegations demonstrate that she was treated the same as a "third party," who also was issued a notice to cease practicing law.

### F.  22 U.S.C. § 6401

Plaintiff cites the International Religious Freedom Act, 22 U.S.C. § 6401.  However, the International Religious Freedom Act does not provide a private cause of action in a civil case. *See*, *e.g.*, *Strege v. Dep't of Motor Vehicles*, No. 15-1907(DSD/HB), 2015 WL 1954452, *2 n.2 (D. Minn. Apr. 29, 2015); *Bey v. Ohio*, No. 1:11 CV 1213, 2011 WL 5024188, *2 (N.D. Ohio Oct. 19, 2011).

### G.  State Law Claims

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has not stated a cognizable claim for relief under federal law.

**H. Leave to Amend**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (1995). Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

**IV.     Conclusion and Recommendation**

For the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's claims against the State Bar of California be dismissed with prejudice;
2. To the extent the individual State Bar defendant is not entitled to immunity or the requested relief is not barred, Plaintiff's federal claims against her be dismissed with prejudice for failure to state a claim upon which relief may be granted; and
3. The Court decline to exercise supplemental jurisdiction over any purported state law claims against the individual State Bar defendant.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2024**            /s/ Barbara A. McAuliffe            _
                                   UNITED STATES MAGISTRATE JUDGE